UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT SCHNUERINGER, | Case No. 3:19-cv-00353-MMD-WGC |
| Petitioner, | |
| v. | ORDER |
| PERRY RUSSELL, *et al.*, | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254. As directed by this Court's Order of June 25, 2019 (ECF No. 3), Robert Schnueringer, a Nevada prisoner, has paid the filing fee for this action. Thus, the Clerk of Court will be directed to file Schnueringer's habeas petition (ECF No. 1-1), and motion for appointment of counsel (ECF No. 1-2).

The Court has reviewed the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Following that review, the Court will order the petition be served upon the Respondents and will require a response.[1]

But Schnueringer's motion for appointment of counsel will be denied. "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel

---

[1] Schnueringer's petition indicates that it is a "protective petition" and that he requests a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). (ECF No. 1-1 at 77.) His request is premature until he identifies or presents claims for which he has failed to exhaust state court remedies and makes the necessary showing. *See Rhines*, 544 U.S. at 275 (stating that the purpose of stay and abeyance is to allow the petitioner to return to state court to exhaust previously unexhausted claims).

unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam)). The Court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. It appears to the Court that appointment of counsel is not warranted in this case.

It is therefore ordered that the Clerk of Court is directed to separately file the petition for writ of habeas corpus and the motion for appointment of counsel, each of which is currently attached to the *in forma pauperis* application at ECF No. 1.

It is further ordered that the Clerk of Court is directed to add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for Respondents.

It is further ordered that the Clerk of Court is directed to electronically serve upon Respondents a copy of the petition for writ of habeas corpus, and a copy of this order.

It is further ordered that Respondents will have 60 days from the date on which the petition is served upon them to appear in this action, and to answer or otherwise respond to the petition. If Respondents file an answer, Petitioner will have 60 days to file a reply to the answer. If Respondents file a motion to dismiss, Petitioner will have 60 days to file a response to the motion to dismiss, and then Respondents will have 30 days to file a reply to Petitioner's response.

It is further ordered that Petitioner's motion for appointment of counsel is denied.

DATED THIS 5th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2