UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT SCHNUERINGER, | Case No. 3:19-cv-00353-MMD-WGC |
| Petitioner, | |
| v. | ORDER |
| PERRY RUSSELL, *et al.*, | |
| Respondents. | |

**I.  INTRODUCTION**

This is a habeas corpus proceeding under 28 U.S.C. § 2254. Respondents have filed a motion to dismiss ("Motion") (ECF No. 10) in response to Petitioner's petition for writ of habeas corpus ("Petition") (ECF No. 6).[1] Respondents argue that most of Petitioner's claims must be dismissed because they are either not cognizable in a federal habeas proceeding or they have not been exhausted in state court. Respondents also argue that some of Petitioner's claims should be dismissed as conclusory. For reasons that follow, the Motion will be granted in part and denied in part.

**II.  BACKGROUND**

On December 12, 2012, following a jury trial in Nevada's Second Judicial District Court, in Washoe County, Petitioner was found guilty of murder in the second degree. (ECF No. 12-14.) He was sentenced to life in prison with parole eligibility after serving a minimum of 10 years. (ECF No. 12-19.) Petitioner appealed, and the Nevada Supreme Court affirmed the judgment on February 27, 2014. (ECF No. 13-15.)

On February 10, 2015, Petitioner filed a petition for a writ of habeas corpus in the

---

[1] The Court has reviewed Petitioner's response (ECF No. 15) and Respondents' reply (ECF No. 17).

1    state district court. (ECF No. 13-18.) With the assistance of court-appointed counsel,
2    Petitioner filed a supplemental petition. (ECF No. 13-36.) After holding an evidentiary
3    hearing in February 2018, the court denied habeas relief. (ECF Nos. 14-17, 14-18.)
4    Petitioner appealed. (ECF No. 14-21.) On May 15, 2015, the Nevada Court of Appeals
5    entered an order affirming the lower court's decision. (ECF No. 14-38.)

6    Petitioner initiated this federal habeas proceeding by mailing his Petition to this
7    Court on June 20, 2019. (ECF No. 6.) On November 15, 2019, Respondents filed the
8    Motion now before the Court for decision. (ECF No. 10.)

## III.    DISCUSSION

### A.    Cognizabiliity

Respondents argue that all but one of Petitioner's claims in Grounds 1 and 4 of his Petition are not cognizable in a federal habeas proceeding. (ECF No. 10 at 5-6, 10.)

A petition for a writ of habeas corpus is only available if a person is being held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available with respect to claims based solely on alleged errors in the interpretation or application of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). To obtain habeas relief, a petitioner must demonstrate a transgression of federal law binding on the state courts. *Id.* Thus, if the petitioner's claim is premised merely on an alleged misapplication of state law, he fails to state a cognizable claim for federal habeas relief. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

In Ground 1, Petitioner presents, verbatim, the seven arguments he presented to the Nevada Supreme Court in his direct appeal. (ECF No. 6 at 11-30; ECF No. 13-7 at 17-37.) His claim that the evidence presented was not sufficient to sustain a conviction of second-degree murder is based on an alleged violation of the Due Process Clause as recognized in *Jackson v. Virginia*, 443 U.S. 307 (1979). (ECF No. 6 at 11-17.) He also alleges a violation of his rights under the Sixth Amendment with respect to unsworn victim impact testimony given by the victim's aunt. (*Id.* at 27-29.) His remaining five claims are, however, premised entirely on alleged violations of state law. (*Id.* at 17-27, 29-30.) Thus,

the latter claims will be dismissed as not cognizable in a federal habeas proceeding.

In Ground 4, Petitioner alleges that he "reserve[s] the right to set forth additional claims of ineffectiveness of trial and/or appellate counsel." (*Id.* at 77.) For obvious reasons, this does not constitute an independent ground upon which federal habeas relief may be granted. Thus, it will also be dismissed as not cognizable.

**B.     Exhaustion**

Respondents argue that Petitioner has failed to exhaust state court remedies for portions of Grounds 2 and all of Ground 3.

**1.     Standards**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir.1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence

3

which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988). On the other hand, new allegations that do not "fundamentally alter the legal claim already considered by the state courts" will not render a claim unexhausted. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *see also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994).

### 2. Analysis

Grounds 2 and 3 of Petitioner's Petition present claims of ineffective assistance of counsel ("IAC").

In Ground 2.1, Petitioner alleges that counsel was ineffective by failing to obtain a severance of his trial from the trial of his co-defendants. (ECF No. 6 at 32-44.) Respondents argue that this claim is exhausted only with respect to the portion that alleges severance was warranted because the co-defendants' defenses were mutually antagonistic. (ECF No. 10 at 6.) Respondents are correct. Petitioner's opening brief on appeal in his state habeas proceeding was premised only on that theory. (ECF No. 14-31 at 21-22.) Thus, Petitioner's additional allegations that his counsel's representation involved a conflict of interest and that counsel's purported joint defense agreement with the other defendants prevented Petitioner from accepting favorable plea offers are unexhausted.[2]

In Ground 2.2, Petitioner alleges that counsel was ineffective by failing to retain forensic experts to assist in determining the cause and manner of death. (ECF No. 6 at 44-47.) The claim is premised on assertions that the State's experts' findings on these points conflicted with eye-witness testimony and that Petitioner's counsel was unprepared

---

[2]The Court does not agree, however, that only the six paragraphs cited by Respondents are exhausted. (See ECF No. 10 at 6.) The claim includes several additional allegations that are relevant to Petitioner's claim faulting counsel for not seeking a severance due to mutually antagonistic defenses. Those allegations may properly be considered by the Court to the extent they do not fundamentally alter the exhausted claim. *See generally Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (en banc) (discussing whether new factual allegations render a claim unexhausted).

4

at trial to respond to the testimony of the State's experts. (*Id.*) Respondents argue that the entire claim is unexhausted. (ECF No. 10 at 6-7.)

In his opening brief on appeal in his state habeas proceeding, Petitioner presented a claim that counsel was ineffective for failing to call a pathologist at trial. (ECF No. 14-31 at 17-18.) He alleged that counsel had retained a pathologist, Dr. Haddix. (*Id.*) He further alleged that counsel chose not to call her because he believed, erroneously, that her findings were unfavorable to the defense, when, in fact, they could have been exculpatory if used in conjunction with testimony of another witness, Nathaniel Smith. (*Id.*) Ground 2.2 makes only brief reference to counsel's alleged failures in this regard and fails to allege any specific facts. (ECF No. 6 at 46.)

Thus, while similar, the claim presented to the state court is fundamentally different than claim presented to this Court. Ground 2.2. is unexhausted.

In Ground 2.3, Petitioner alleges that counsel was ineffective by failing to investigate and prepare for trial. (*Id.* at 47-48.) This claim is based on allegations that counsel failed to interview witnesses and failed to investigate evidence that the State may have exerted improper influence on witnesses, including payment. (*Id.*) Petitioner has not fairly presented this claim to the highest available state court. Ground 2.3 is unexhausted.

In Ground 2.4, Petitioner alleges that counsel was ineffective by failing to present a defense. (*Id.* at 48-50.) In support of this claim, Petitioner cites to counsel's opening argument, given after the State had presented its case-in-chief, in which counsel told the jury to refer to the testimony of three of the State's witnesses, which was unfavorable to Petitioner's defense. (*Id.*) He also cites instances in which counsel failed to object to prejudicial testimony. (*Id.*) Petitioner has not fairly presented this claim to the highest available state court. Ground 2.4 is unexhausted.

In Ground 2.6, Petitioner alleges that he was deprived of effective assistance of appellate counsel due to counsel's failure to raise various issues on direct appeal. (*Id.* at 52-57.) Petitioner has not fairly presented this claim to the highest available state court. Ground 2.6 is unexhausted.

Grounds 2.7 and 2.8 allege violations of Petitioner's constitutional rights due to the cumulative effect of trial counsel's and appellate counsel's errors, respectively. (*Id.* at 57-58.) Neither claim was fairly presented to the highest available state court. Both are unexhausted.

In Ground 3.1, Petitioner alleges that counsel was ineffective by failing to present Petitioner's theory of the case, which contradicted the State's theory and should have been presented through the testimony of Petitioner and his supporting witnesses. (*Id.* at 68-71.) Much of the claim is based on testimony that Petitioner would have been able to provide, had he been called, and only briefly refers to other witnesses. (*Id.*)

In his opening brief on appeal in his state habeas proceeding, Petitioner presented a claim that counsel was ineffective for failing to call Nathaniel Smith as a witness at trial. (ECF No. 14-31 at 14-16.) Ground 3.1 makes only a passing reference to Smith and does not specify what testimony he would have been able to provide. Thus, the claims are only tangentially similar. Because it has not otherwise been presented to Nevada's highest available court, Ground 3.1 is unexhausted.

In Ground 3.2, Petitioner alleges that counsel was ineffective by failing to investigate his client's exposure to open murder, which led to a conviction for second-degree murder. (ECF No. 6 at 71-73.) He claims such failure resulted in counsel providing poor advice about a joint defense strategy and rejecting favorable plea offers. (*Id.*) Petitioner has not fairly presented this claim to the highest available state court. Ground 3.2 is unexhausted.

In Ground 3.3, Petitioner alleges that counsel was ineffective by failing to present available mitigating evidence to support an argument for a lesser sentence. (*Id.* at 73-75.) In support of the claim, he identifies several friends and family members counsel should have called to testify on his behalf and gives a brief description of the testimony they could have provided. (*Id.*)

In his opening brief on appeal in his state habeas proceeding, Petitioner presented essentially the same claim but identified only two potential witnesses counsel should have

called—Catherine Barber and Kelly Cruz. (ECF No. 14-31 at 16-17.) Respondents argue that Ground 3.3 is unexhausted as to all allegations relating to other witnesses. (ECF No. 10 at 9-10.) The Court disagrees with Respondents.

In addition to presenting the testimony of Barber and Cruz, Petitioner also presented the testimony of his aunt, Marlene Bjorson, at his post-conviction evidentiary hearing in the state district court. (ECF No. 14-17.) The Nevada Court of Appeals considered testimony presented at that hearing in deciding Petitioner's IAC claim based on counsel's failure to present mitigating evidence. (ECF No. 14-38 at 5-6.) Additional allegations included with Ground 3.3. do not fundamentally alter the claim considered by the Nevada courts. Thus, Ground 3.3. is exhausted.

### 3. Treatment of unexhausted claims

Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims. *Rose*, 455 U.S. at 518-19. However, a petitioner who files a mixed petition must, at a minimum, be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims. *See, e.g.*, *Jefferson v. Budge*, 419 F.3d 1013, 1016-17 (9th Cir. 2005) (reversing and remanding the dismissal of a mixed habeas petition because the district court failed to offer the petitioner the opportunity to amend his petition to abandon the unexhausted claims).

Alternatively, the Supreme Court has held that "a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Rhines v. Weber*, 544 U.S. 269, 271-72 (2005). This discretion is to be exercised under "limited circumstances," *Id.* at 277, because "routinely granting stays would undermine the AEDPA's goals of encouraging finality and streamlining federal habeas proceedings." *Blake v. Baker*, 745 F.3d 977, 981-82 (9th Cir. 2014).

The stay-and-abeyance procedure is appropriate only where the habeas petitioner has shown: (1) "good cause" for the failure to exhaust, (2) the unexhausted claim is "potentially meritorious," and (3) the petitioner did not "engage[ ] in intentionally dilatory

litigation tactics." *Rhines*, 544 U.S. at 278. "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust the claim in state court. *Blake*, 745 F.3d at 982. However, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277.

In light of the foregoing, the Court will provide Petitioner the opportunity to either (1) abandon his unexhausted claims and proceed on his remaining claims, (2) voluntarily dismiss his federal petition in order to return to state court to exhaust his unexhausted claims, or (3) file a motion for a stay and abeyance.

### C. Pleading Sufficiency

Respondents argue that several of Petitioner's claims should be dismissed as conclusory. In a habeas proceeding, notice pleading is insufficient as a habeas petition must state facts that point to a real possibility of constitutional error. Rule 4, Rules Governing § 2254 Cases (Advisory Note, 1976 Adoption); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Mere conclusions of violations of federal rights without specific supporting allegations do not state a basis for habeas corpus relief. *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Conclusory allegations not supported by facts are subject to dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Grounds 2.1, 2.2, 2.3, 2.4, 3.1, and 3.3 are the claims Respondents identify as either partially or wholly conclusory. (ECF No. 10 at 6-7, 8-10.) While the Court agrees that many of the allegations included within these grounds lack specificity or are irrelevant to the gravamen of the alleged constitutional violation asserted, each ground alleges facts that at least point to the possibility of constitutional error. Thus, the Court declines to dismiss any of Petitioner's claims for failing to meet habeas pleading standards.

///

///

## IV. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 10) is granted in part and denied in part. All claims in Ground 1 except for the Due Process Clause claim and the Sixth Amendment claim are dismissed as not cognizable in a federal habeas proceeding. Ground 4 is dismissed for the same reason. Grounds 2.2, 2.3, 2.4, 2.6, 2.7, 2.8, 3.1, and 3.2 are unexhausted. In addition, portions of Ground 2.1 are unexhausted as described above.

It is further ordered that, with respect to the unexhausted claims, Petitioner has 30 days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted claims and proceed on his remaining claims; or (2) inform this Court in a sworn declaration that he wishes to dismiss his petition without prejudice in order to return to state court to exhaust his unexhausted claims;[3] or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If Petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7–2.

It is further ordered that if Petitioner elects to abandon his unexhausted grounds, Respondents shall have 60 days from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief.

It is further ordered that Petitioner shall have 60 days following service of Respondents' answer within which to file a reply.

///
///
///
///

---

[3] In offering this option, the Court makes no assurances as to whether any future petition filed in this Court would be timely under 28 U.S.C. § 2244(d). The pendency of this proceeding has not tolled the statutory filing period. *See Duncan v. Walker*, 533 U.S. 167 (2001).

It is further ordered that pending motions for extension of time (ECF Nos. 9, 16) are granted *nunc pro tunc* as of their respective filing dates.

DATED THIS 18th day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE